IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

NATHAN BYERLY,                )
                             )
            Plaintiff,        )
                             )
    v.                       )        Civ. No. 23-1470-GBW
                             )
JOHN DOE, *et al.*,          )
                             )
            Defendants.       )

## MEMORANDUM OPINION

Nathan Byerly, Idaho Department of Corrections, Boise, Idaho – *Pro Se* Plaintiff

February 6, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.   INTRODUCTION

On December 27, 2023, Plaintiff Nathan Byerly filed this civil action *pro se*. (D.I. 1).  Plaintiff has been granted leave to proceed *in forma pauperis*.  (D.I. 7). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II.   BACKGROUND

The following facts are taken from the two-page Complaint and assumed to be true for purposes of screening the Complaint.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  The first page of the Complaint states that, in 2015 and 2016, Plaintiff negotiated purchase agreements for a multinational company based in Delaware and Utah.  (D.I. 1 at 1.)  Defendants Governor John Doe and the United States of America then violated rights, treaties, and laws, which resulted in harm, injury, or damages.  (*Id.*)  The second page of the Complaint includes reference to approximately 189 pages of supporting documents, which were not submitted.  (*Id.* at 2.)

Without leave from the Court, Plaintiff then attempted to amend the Complaint around one month after initiating this case, on January 24, 2024.  (D.I. 4.)  The first page of the proposed amended complaint is the same as the first page

of the Complaint. (*Compare* D.I. 1 at 1, *with* D.I. 4 at 1.) The Court has reviewed the remainder of the proposed amended complaint and finds no clear, supplemental factual allegations against Defendants therein.

However, the proposed amended complaint does include a June 3, 2022 Order, issued in the United States District Court for the District of Idaho, in *Byerly v. United States, et al.*, 1:20-cv-04-BLW. (D.I. 4-2 at 3.) The June 3, 2022 Order states that the case was dismissed over two years ago, yet Plaintiff "continues to file voluminous random documents in this closed case." (*Id.*) In the June 3, 2022 Order, the Court "finds this practice abusive" and orders Plaintiff to "file nothing further in this case." (*Id.*)

Then in February, March, and April 2024, in the instant case, Plaintiff filed over 800 pages, marked as exhibits in support of the proposed amended complaint. (D.I. 9, 11, 12.) Last, on June 10, 2024, Plaintiff filed a motion to stay proceedings (D.I. 13), along with a "notice of claim expansion," (D.I. 14) which is a 177-page filing, containing approximately 70 pages of word and image collages (*id.* at 82-156), the intended meaning of which confounds the Court.

## III.  SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive

3

plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV.   DISCUSSION

Employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Court initially finds the Complaint to be deficiently pled, *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). The Complaint contains scant factual allegations, the few allegations therein appear time-barred, and the specific

4

involvement of the Defendants is unclear. (*See* D.I. 1.) In light of Plaintiff's subsequent filings (D.I. 4, 9, 11, 12, 14), the Court additionally finds Plaintiff's claims to be frivolous and amendment to be futile, *see Dooley v. Wetzel*, 957 F.3d. at 374 (deeming a claim frivolous when it is clearly baseless, fantastic or delusional, or relies on an indisputably meritless legal theory). Accordingly, the Complaint will be dismissed with prejudice, and Plaintiff will not be given leave to amend. Plaintiff's pending motion to stay proceedings will be dismissed as moot. (D.I. 13)

## V.    **CONCLUSION**

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (D.I. 1.) As amendment is futile, the Court will dismiss the case with prejudice and close the case. The Court will dismiss Plaintiff's motion to stay proceedings as moot. (D.I. 13)

An appropriate Order will be entered.